UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PRISCILLA GUMPTON,
                                          **DECISION AND ORDER**
              Petitioner,              **No. 12-CV-0076MAT**

  -vs-

NIAGARA COUNTY COURT,

              Respondent.
_____

## I. Introduction

*Pro se* Petitioner Priscilla Gumpton ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of her custody pursuant to a judgment entered August 26, 2009, in New York State, County Court, Niagara County, convicting her, upon a plea of guilty, of one count of Grand Larceny in the Third Degree (N.Y. Penal Law ("Penal Law") § 155.35), three counts of Grand Larceny in the Fourth Degree (Penal Law § 155.30[1]), and one count of Criminal Possession of Stolen Property in the Third Degree (Penal Law § 165.50). Petitioner was sentenced to an indeterminate aggregate prison term of from seven and one-half to fifteen years.

## II. Factual Background and Procedural History

### A. Introduction

On October 24, 2008, a Niagara County grand jury charged Petitioner, and others, with three counts of fourth-degree grand

larceny, and one count each of third-degree grand larceny and third-degree possession of stolen property.  See Indictment No. 2008-491 at Resp't Ex. E.  The charges arose from incidents in August and September 2008, in which Petitioner, and several others, stole thousands of dollars worth of merchandise from a Walmart and a Blockbuster video store in Lockport, New York and other locations.  Id.

**B.  The Guilty Plea**

On March 18, 2009, Petitioner and her attorney appeared before Niagara County Court Judge Matthew J. Murphy, III, and pleaded guilty to all counts of the indictment in exchange for the prosecutor's agreement not to seek sentencing as a persistent felony offender.  Plea Mins. [P.M.] 7.  Petitioner admitted that, on or about September 5, 2008, she, and others, exited the Lockport Walmart store with over $1,000 worth of merchandise without paying for it.  P.M. 27-28.  She also admitted that on August 28, 2008, she, and others, gathered approximately $3,000 worth of merchandise in the Lockport Walmart and left the store without paying for it. P.M. 28-29.  Finally, she admitted that on or about August 2, 2008, she, and others, exited the Lockport Blockbuster video store with over $1,000 worth of merchandise without paying for it. P.M. 29-30.

### C. Petitioner's *Pro Se* Correspondence to the County Court and the Motion to Withdraw the Plea

Following the entry of her guilty plea, Petitioner submitted several letters to the County Court, including one dated April 20, 2009 in which she sought to withdraw her guilty plea. See Niagara County Court Clerk Minutes at Resp't Ex. E.

On June 25, 2009, Petitioner filed a formal *pro se* motion to withdraw her guilty plea. See Pet'r Notice of Motion and Affidavit dated 06/05/2009 at Resp't Ex. E. In it, she argued that she was not guilty, but had pleaded guilty because she felt intimidated by the presence of investigators in the court room, one of whom had told her that he had listened to her phone calls and would keep her truck, and that he was out to get her because she was "the ring leader." Id. at 19. She also alleged that the attorney assigned to represent her, Alan J. Roscetti, had "laughed in [her] face," was uninterested in her case, and told her that he "could win the case but the Wal-mart employees are lying or being told what to say." Id. The People opposed the motion, noting, *inter alia*, that Petitioner had "previously plead guilty to crimes in New York State more than 25 times, three times to felonies." People's Response to Defendant's Motion to Withdraw Plea at p 2 at Resp't Ex. E.

On July 22, 2009, Petitioner appeared in county court with her newly-assigned counsel, attorney Yvonne Vertlieb, for oral arguments on the motion. Mins. of 07/22/2009. On August 25, 2009, the county court denied Petitioner's motion in a written order.

See Decision and Order of the Niagara County Court dated 08/25/2009 at Resp't Ex. E.

### D. Sentencing

On August 26, 2009, Petitioner appeared for sentencing, admitted her previous conviction of fourth-degree grand larceny, and was adjudicated a second felony offender. Sentencing Mins. [S.M.] 3-4.

The county court sentenced Petitioner to an indeterminate aggregate prison term of from seven and one-half to fifteen years. S.M. 12-13.

### E. Direct Appeal

Through counsel, Petitioner appealed her judgment of conviction in the Appellate Division, Fourth Department on the following grounds: (1) the court abused its discretion in denying her motion to withdraw her guilty plea; and (2) the sentences were harsh and should be modified to run concurrently with each other. See Pet'r Br. on Appeal at Resp't Ex. D. The Appellate Division unanimously affirmed Petitioner's conviction on February 18, 2011, and leave to appeal was denied. People v. Gumpton, 81 A.D.3d 1441 (4th Dep't 2011) (Resp't Ex. G); lv. denied, 17 N.Y.3d 795 (2011) (Resp't Ex. I).

### F. The Habeas Corpus Petition

On or about January 30, 2012, Petitioner filed the instant habeas corpus petition, wherein she seeks relief on the following

-4-

grounds that: (1) she was not arrested on September 11, 2008, and "was arrested for allegedly committing prior crimes only"; (2) she was forced and intimidated to plead guilty by the presence of an investigator in the courtroom and by her attorney's desire for "sexual favors" in exchange for lesser time; (3) the police had no probable cause to seize and search Petitioner's vehicle on September 11, 2008 because she committed no crime on that date; and (4) she was convicted of a crime that she did not commit on September 11, 2008. See Pet. ¶ 22, Grounds One-Four (Dkt. No. 1), Exhibits (Dkt. Nos. 4, 8). Respondent filed an affidavit and supporting memorandum in opposition to the habeas petition (Dkt. No. 10), and Petitioner filed a reply memorandum,[1] with supporting exhibits, on July 26, 2012. Dkt. Nos. 20, 21. For the reasons that follow, habeas relief is denied and the habeas petition is dismissed.

---

[1] The Court notes that a fairly significant portion of Petitioner's 117 page hand-written reply memorandum contains nothing more than quoted portions of the pre-plea and plea transcripts. Similarly, a number of Petitioner's ten exhibits submitted in support of her reply memorandum are portions of the record on appeal, which were submitted to the Court by Respondent and were reviewed in conjunction with the habeas petition. Moreover, as the Court understands Petitioner's pleadings, it appears that her reply memorandum raises new factual allegations that were not raised in the habeas petition. See Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993) ("[a]rguments may not be made for the first time in a reply brief."). Her reply memorandum also appears to raise, improperly, new claims, namely, ineffective assistance of counsel, "double jeopardy," "conflict of interest," "tainted evidence," and claims related to defects in the grand jury proceedings. See Rule 2(c) of the Rules Governing Section 2254, Cases in the United States District Courts ("The petition must . . . specify all the grounds for relief available to the petitioner. . . ."). To the extent that Petitioner responds, in her reply, to Respondent's contentions in opposition to her petition, those responses have been considered by the Court.

**G. Request for an Evidentiary Hearing and Motion to Set Aside the Sentence**

On May 8, 2012, Petitioner filed a Motion for an Evidentiary Hearing and Motion to Set Aside the Sentence.[2] For the reasons that follow, both motions are denied.

With respect to Petitioner's request for an evidentiary hearing, "[a] district court has broad discretion to hear further evidence in habeas cases." Nieblas v. Smith, 204 F.3d 29, 31 (2d Cir. 1999) (citing Townsend v. Sain, 372 U.S. 293, 318 (1963)). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)); see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."). As

---

[2] By way of this same motion, Petitioner also requested that the Court appoint her counsel. Dkt. No. 12. In an Order dated May 14, 2012, this Court (Hon. Leslie G. Foschio) denied that request, and instructed Respondent to file a response to the motion for evidentiary hearing and motion to set aside the sentence. Dkt. No. 13. In compliance with the Court's instruction, Respondent filed a response on May 23, 2012, and Petitioner filed a Memorandum/Declaration in response thereto on August 30, 2012. Dkt. No. 22.

discussed *infra*, it is abundantly clear that Petitioner's claims provide no basis for habeas relief as they are unexhausted and meritless. Thus, Petitioner's request for an evidentiary hearing is denied.

With respect to Petitioner's motion to set aside her sentence, that motion is also denied. First, as Respondent correctly points out in its opposing declaration (Dkt. No. 14 at ¶ 6), the relief Petitioner seeks is traditionally reserved for the state courts by way of a N.Y. Crim. Proc. Law ("CPL") § 440.20, and thus is not appropriate in the federal habeas context. Second, and in any event, Petitioner has not provided any basis for vacatur of her sentence insofar as she does not challenge the constitutionality of her sentence in the instant habeas petition, and all of the claims upon which she seeks habeas relief are unexhausted and meritless. Accordingly, her motion to set aside the sentence is denied (Dkt. No. 14).

**III. The Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The

exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). All of Petitioner's claims are raised for the first time in the habeas petition and are therefore unexhausted for purposes of federal habeas review.

**IV. Analysis of the Petition**

**1. Grounds One, Three and Four are Procedurally Defaulted and, in any event, Waived by Petitioner's Guilty Plea**

At grounds one, three, and four of the petition, Petitioner claims that she is entitled to habeas relief because: (1) she was not arrested on September 11, 2008, and "was arrested for allegedly committing prior crimes only"; (2) the police lacked probable cause to search and seize her vehicle on September 11, 2008 because she committed no crime on that date; and (3) she was convicted of a crime that she did not commit on September 11, 2008. See Pet. ¶ 22, Grounds One, Three, and Four. For the reasons discussed below, these claims provide no basis for habeas relief.

Initially, these claims are unexhausted because they are raised for the first time in the habeas petition. See 28 U.S.C. § 2254(b)(1)(A).[3] However, where, as here, a petitioner would face

---

[3] The Court notes that Petitioner appears to have raised some or all of these claims in an unfiled CPL § 440.10 motion dated October 13, 2011, which is attached to the habeas petition. See Dkt. No. 4. In its sworn opposing declaration, Respondent states that neither the motion to vacate attached to the habeas petition, nor any other type of post-conviction motion, was ever filed in state court or served upon the Niagara County District Attorney in this matter.

an absence of state corrective procedure if she were to return to state court to exhaust her record-based claims, the Court may deem the claims exhausted but procedurally defaulted. See Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). Petitioner used her one right to direct appeal, and collateral review of these record-based claims (by way of motion to vacate) is foreclosed by CPL § 440.10(2)(c). See N.Y. Ct. Rules § 500.20(a) (permitting the filing of only one direct appeal and one application for leave to appeal to the Court of Appeals); CPL § 440.10(2)(c) (motion to vacate must be denied where record-based claim could have been raised on direct appeal but unjustifiably was not). Accordingly, the Court deems these claims exhausted but procedurally defaulted from habeas review.

Federal courts may only consider the merits of procedurally defaulted claims where the petitioner can establish both cause for her procedural default and resulting prejudice or, alternatively, that a fundamental miscarriage of justice would occur absent federal court review of the claims. Acosta v. Artuz, 575 F.3d 177, 184 (2d Cir. 2009) (citation omitted); Smith v. Fischer, No. 07 CIV. 2966, 2012 U.S. Dist. LEXIS 29010, 2012 WL 695432, at *16 (S.D.N.Y. Mar. 5, 2012) (citations omitted). To establish legal "cause" which would enable this Court to consider Petitioner's

---

See Resp't Opposing Declaration (Dkt. No. 10) at ¶ 4. Given this information, the Court finds that grounds one, three and four of the habeas petition remain unexhausted.

procedurally forfeited claims, she must show that some objective, external factor impeded her ability to fully exhaust it. See Eckhardt v. Superintendent, Attica Correctional Facility, No. 9:04-CV-0559 (GLS/GHL), 2008 U.S. Dist. LEXIS 118609, 2008 WL 8156688, at *7 (N.D.N.Y. Mar. 25, 2008); Doleo v. Reynolds, No. 00 CIV.7927, 2002 U.S. Dist. LEXIS 8090, 2002 WL 922260, at *3 (S.D.N.Y. May 7, 2002). Petitioner does not allege cause and prejudice for the default. Moreover, even liberally construing Petitioner's contention that "no crime occurred on September 11, 2008" as a declaration of her innocence, she still has not and cannot avail herself of the miscarriage of justice exception. In this case, having entered a knowing, voluntary and intelligent guilty plea (see discussion *infra* at section IV, 2) admitting to the factual basis supporting the elements of the crimes of which she was convicted, Petitioner cannot now claim, to the extent she does so in the petition, "actual innocence." See generally Schlup v. Delo, 513 U.S. 298, 315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)(a claim of actual innocence may bring the petitioner into the "narrow class of cases ... implicating a fundamental miscarriage of justice."). Accordingly, Petitioner's claims are procedurally defaulted from habeas review, and are denied on that basis.

In any event, even assuming *arguendo*, the claims were not procedurally defaulted from habeas review based on Petitioner's

-10-

failure to exhaust them, they would still be barred from habeas review by virtue of Petitioner's knowing, intelligent and voluntary guilty plea (see discussion *infra* at section IV, 2). In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Supreme Court held that when a criminal defendant on advice of counsel has solemnly admitted in open court that she is guilty of a charged offense, she may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the plea. Id. She may only attack the voluntary and intelligent character of the plea. Id. "In other words, under Tollett, the only issue reviewable by a federal court on a habeas petition is whether the guilty plea in state court was knowing, intelligent, and voluntary." Siao-Pao v. Keane, 878 F. Supp.2d 468, 472 (S.D.N.Y. 1995). Because all of Petitioner's claims involve pre-plea matters that do not directly challenge and/or implicate the voluntary nature of the guilty plea itself, the claims are barred from habeas review.

In sum, Petitioner's claims are procedurally defaulted and denied on that basis. Further, even if these claims were not procedurally defaulted, they would still be barred by Tollett v Henderson. Accordingly, grounds one, three and four of the petition provide no basis for habeas relief and are denied.

**2. Ground Two is Unexhausted and Meritless**

At ground two of the petition, Petitioner states that she was "forced, intimidated, threatened, and sexually abused." Pet. ¶ 22 Ground Two. In support of her claim, she explains that she was forced and intimidated to plead guilty by the presence of an investigator in the courtroom at the time she entered her plea, and by her attorney's desire for "sexual favors in exchange for lesser time." Id. For the reasons discussed below, this claim does not warrant habeas relief.

Like grounds one, three and four of the habeas petition, this claim was also not raised in the state courts and therefore remains unexhausted for purposes of federal habeas review. However, unlike Petitioner's other record-based claims, this claim appears to involve matters *dehors* the record and thus could still be raised in a motion to vacate in state court. Petitioner's failure to exhaust this claim, however, is not fatal to the Court's disposition of it on the merits. Because the Court finds the claim to be wholly meritless,[4] it has the discretion to dismiss the petition

---

[4] The habeas statute does not articulate a standard for denying a petition containing unexhausted claims on the merits, and neither the Supreme Court nor the Second Circuit has established one. The various formulations suggested by district courts in the Second Circuit share "the common thread of disposing of unexhausted claims that are unquestionably meritless." Keating v. New York, 708 F. Supp. 2d 292, 299 n.11 (E.D.N.Y. 2010) (citing Williams v. Artus, 691 F. Supp.2d 515, 526-27 (S.D.N.Y. 2010) (relying upon 28 U.S.C. § 2254(b)(2) where unexhausted claims were "plainly meritless"); Robinson v. Phillips, No. 04-CV-3446 (FB), 2009 U.S. Dist. LEXIS 99417, 2009 WL 3459479, at *1 (E.D.N.Y. Oct. 23, 2009) (relying upon 28 U.S.C. § 2254(b)(2) where unexhausted claims were "patently frivolous")).

notwithstanding Petitioner's failure to exhaust. See 28 U.S.C. § 2254(b)(2); Pratt v. Greiner, 306 F.3d 1190, 1197 (2d Cir. 2002).

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The Second Circuit has summarized the relevant factors as follows:

> [A] plea is deemed 'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.

Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988). A reviewing court will uphold a guilty plea entered by a defendant "'fully aware of the direct consequences . . . unless induced by threats . . . misrepresentation . . ., or perhaps by promises that are by their nature improper.'" Brady v. United States, 397 U.S. 742, 755 (1969) (quotation omitted). Since a defendant who pleads guilty waives several fundamental constitutional rights, in order for the waiver to be valid under the due process clause, it must be "'an intentional relinquishment or abandonment of a known right or privilege.'" McCarthy v. United States, 394 U.S. 459, 465 (1969)

(quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). "Not only must the plea of guilty be voluntary, it must also be a knowing and intelligent act done with 'sufficient awareness of the relevant circumstances and likely consequences.'" United States v. Rossillo, 853 F.2d 1062, 1064 (2d Cir. 1988) (quoting Brady, 397 U.S. at 748). Furthermore, "although 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law,' questions of historical fact, including inferences properly drawn from such facts, are in this context entitled to the presumption of correctness accorded state court factual findings.'" Parke v. Raley, 506 U.S. 20, 35 (1992) (quoting Marshall v. Lonberger, 459 U.S. 422, 431 (1983) (internal citation omitted)). Statements made by a defendant at a plea hearing constitute a "formidable barrier" that cannot be easily overcome in subsequent collateral proceedings because "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Applying these standards to the instant case, the Court finds no basis to conclude that Petitioner's guilty plea was anything other than knowing, intelligent, and voluntary.

At the plea proceeding, the Court acknowledged that Petitioner had been before the court "on many occasions" and that she knew the "routine." P.M. 9. The court also noted that the 43-year-old Petitioner seemed "very intelligent and articulate in [the court's] dealings with" her and that "this is a very serious matter . . . the net result of what happens today could result in [Petitioner] spending as long as 26 years in state prison." P.M. 9-10. Petitioner acknowledged that she had discussed the plea with her attorney, and while she and counsel alluded to a prior, unstated problem with each other, Petitioner stated that she had no complaints about her attorney. P.M. 9-11. Petitioner acknowledged that by pleading guilty, she would waive her trial rights. P.M. 13-15, 16, 21. Petitioner denied that anyone had offered her anything of value to plead guilty, or forced her or threatened her to plead guilty, and that she was pleading guilty freely and voluntarily, after a full consultation with her attorney. P.M. 15-16. Before entering the guilty plea, the court granted Petitioner and her attorney a recess so they could discuss the fact that Petitioner would waive her right to challenge the grand jury process. P.M. 19-20. After this recess, Petitioner then admitted her guilt to each of the five counts in the indictment. P.M. 24-30.

The Court agrees with Respondent (see Resp't Mem. of Law at 22-24) that Petitioner's in-court, under oath statements, as

summarized above, undermine her after-the-fact contentions that she felt intimidated to plead guilty by an investigator's presence in the courtroom, and by her attorney's desire for "sexual favors in exchange for lesser time." Pet. ¶ 22, Ground Two. The record reflects that, during the plea colloquy, Petitioner specifically denied that anyone had forced her or threatened her to plead guilty, and stated that she was pleading guilty freely and voluntarily, after a full consultation with her attorney. P.M. 15-16. The record reflects further that Petitioner, before giving an unwavering admission of guilt, was afforded at least one prolonged opportunity to confer with her attorney before entering her guilty plea. P.M. 19-20. At no point before or after this recess did she express hesitation or concern with entering her guilty plea for any reason, including those she now cites in the habeas petition. Given the record before this Court and Petitioner's failure to offer anything other than a series of self-serving allegations to support her claim, the Court concludes that Petitioner's plea was knowing, intelligent, and voluntary.

In sum, Petitioner's claim is meritless and provides no basis for habeas relief. The claim is therefore denied in its entirety.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed. Petitioner's motion for an

evidentiary hearing and motion to set aside the sentence is also denied. Dkt. No. 12. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: November 21, 2012
Rochester, New York